IN THE MATTER OF THE ESTATE OF
NIKITA BLACK, A MINOR.

Superior Court of New Jersey
Appellate Division

Argued November 29, 1977—Decided December 19, 1977—
Reconsidered April 19, 1978—Decided June 12, 1978.

Before Judges LYNCH, BISCHOFF and KOLE.

*Ms. Susan J. Barone,* Legal Assistant, argued the cause for appellant Essex County Welfare Board (*Mr. William J. Tamburri,* attorney).

*Mr. Allen Zaks* argued the cause for respondent cross-appellant Black (Rutgers Legal Aid Clinic and *Mr. Jacob Goldberg,* attorneys).

PER CURIAM. This is an appeal and cross-appeal from a decision reported at 145 *N. J. Super.* 565 (Cty. Ct. 1976), holding that a welfare board was entitled to repayment of welfare funds out of an infant welfare recipient's personal injury recovery preserved in a trust fund. The trial judge held that the welfare board was entitled to reimbursement of assistance received by the child from the day her mother executed in blank an "agreement to repay" to date, although the standard agreement form was not signed until approxi-mately eight months after receipt and deposit of the infant's trust fund.

The decision is reversed substantially for the reasons stated in *In the Matter of Doughty,* decided today, and reported at 160 *N. J. Super.* 126. An agreement to repay pur-

suant to *N. J. S. A.* 44:10–4(a) cannot be executed against such a preexisting trust fund to reimburse the welfare board. Therefore, the agreement does not entitle the welfare board to any reimbursement from the trust fund for assistance granted before receipt of the fund, or after its receipt and knowledge thereof. However, such a trust fund may be taken into consideration as a possible resource when determining the child's need for future welfare.

Although not argued at the trial level, on cross-appeal Ms. Black asks this court to hold that in all cases personal injury recoveries of minors should be excluded from the reach of *N. J. S. A.* 44:10–4(a). The argument was raised and rejected in *Francis v. Harris,* 100 *N. J. Super.* 313 (Law Div.), aff'd o.b. 103 *N. J. Super.* 440 (App. Div. 1968), certif. den. 53 *N. J.* 227 (1969). A change in statutory policy is for the Legislature and not the courts. In this regard it should be noted that if a welfare board seeks reimbursement from a trust fund on the basis of a valid agreement to repay, or denies future assistance on the basis of the existence of such a fund, the release of any monies for welfare payment or the child's necessities of life is subject to the court's approval. *N. J. S. A.* 3A:7–14.1.

Reversed in accordance with this opinion.[1]

---

[1] After rendition of our decision in this matter we granted the motion of the Essex County Welfare Board for rehearing. The motion was based upon a contention that in our decision we failed to consider the amendment of *N. J. S. A.* 44:10–4(a), effective July 1, 1977. We hold that said amendment does not affect our decision herein for it became effective after the events involved and is prospective only.